UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 1:05-CR-20343-MORENO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MANUEL ECHEVARRIA,

       Defendant.

_____/

## ORDER DENYING MOTION FOR HOME CONFINEMENT

THIS CAUSE came before the Court upon Defendant's Motion for Home Confinement Pursuant to the First Step Act **(D.E. 113)**, filed on **June 4, 2019**. THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that for the reasons below, the motion is DENIED.

Defendant requests transfer to home detention pursuant to the "eligible elderly offender" provision of the First Step Act, and requests that the Court order the United States to provide him with the proper address for which to submit his petition for home confinement. The program Defendant seeks to partake in is codified at 34 U.S.C. § 60541(g), which states, in relevant part, that the "Attorney General shall conduct a *pilot program* to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing such offenders in home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A) (emphasis added). The development and scope of the pilot program is under the sole direction of the Attorney General, who selects the prison facilities that will participate in the pilot program. 34 U.S.C. § 60541(g)(1). Notably, in carrying out the pilot

program, "the Attorney General *may release some or all* eligible offenders and eligible terminally ill offenders from Bureau of Prison facilities to home detention." 34 U.S.C. § 60541(g)(1)(B).

Accordingly, given the plain meaning of the statute, Defendant, even if he qualifies for the pilot program,[1] is not entitled to home confinement. That decision is up to the Attorney General, who selects which prisons will participate in the program and which will not. Moreover, as in *United States v. Egan*, No. 10 Cr. 191, 2019 WL 1552266 (S.D.N.Y. Apr. 10, 2019), the Attorney General and/or Bureau of Prisons has no obligation "to provide [the Defendant] with a forum to determine his eligibility for the modification of the terms of his incarceration" under the prisoner reentry initiative. *Id.* at *1-2. That decision, again, is made by the Attorney General, and nowhere in the statute is there a requirement that a defendant be given access to such information. In other similar "compassionate release" statutes, like 18 U.S.C. § 3582(c)(1)(A), the Court notes that Congress has explicitly recognized that the local warden of a prison need not always provide a petitioner seeking to modify his or her sentence with an answer, as occurred here.

Finally, the Court notes that the Attorney General, and by delegation the Bureau of Prisons, has exclusive authority and discretion to designate the place of an inmate's confinement, not the judiciary. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C. § 3621(b) and holding that once a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine a defendant's place of confinement).

For all the above reasons, Defendant's Motion for Home Confinement is DENIED.

---

[1] The Court takes no view on whether Defendant qualifies for the pilot program under 34 U.S.C. § 60541(g)(5)(A).

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of October 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Manuel Echevarria
65126-004
Beaumont Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 26020
Beaumont, TX 77720